CASE 25—INDICTMENT—JUNE 17.

# Brewer, &c., vs. Commonwealth.

### APPEAL FROM TODD CIRCUIT COURT.

The accused, being under bail, appeared in court, plead not guilty; but, before the jury was empanneled, on his motion, the indictment was set aside. The court ordered that the charge against the defendant be submitted to another grand jury, and that the defendant be permitted to stand upon his bail bond. Another indictment was found, and the defendant failed to appear. The sureties in the bail bond were not exonerated or released. (*Criminal Code, secs, 78 and* 160.)

J. G. HOLLINGSWORTH,                         For Appellants,

CITED—

*Criminal Code, sec.* 69.
*Act of June* 3, 1865, *Myers' Sup.,* 162.
1 *Met.,* 382; *Commonwealth vs. Coleman.*

JOHN RODMAN, Attorney General,               For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Finis E. Brewer was arrested under a bench warrant from the Todd circuit court, issued on an indictment against him for the crime of malicious stabbing, and was released from custody by the sheriff on the execution of a bail bond for him by the appellants, as allowed by section 78 of the Criminal Code, in the sum of one hundred dollars.

The record shows that Brewer appeared in court and moved to continue the prosecution; and the court having overruled his motion, and also a demurrer to the indictment, he waived a formal arraignment and pleaded " not

Brewer, &c., vs. Commonwealth.

guilty;" but before a jury had been empanneled and sworn to try him, he moved the court to set aside the indictment on the ground that it had not been indorsed " a true bill" by the foreman of the grand jury, and the court sustained the motion and ordered that the charge against defendant be submitted to another grand jury, and that the defendant be permitted to stand upon his bail bond.

It seems that another indictment was returned against Brewer, although it is not copied in the record, and that said Brewer "failed to appear in discharge of his bail bond," which was, therefore, forfeited; and the appellants, the bail, being proceeded against, they claimed exoneration, on the ground that Brewer having appeared, the court discharged their liability by its order permitting Brewer to stand on his bail bond.

According to section 160 of the Criminal Code, the liability of the appellants would not have been affected by setting the indictment aside and re-submitting the case to the grand jury, if no order had been made allowing Brewer to stand on his bond. The order, therefore, allowing what the law permitted without it, in the absence of any other order or direction of the court, and which did not impair the rights of the bail to release or indemnify themselves in any of the modes prescribed by law, did not, in our opinion, discharge them from liability; and this conclusion substantially accords with the opinion of this court in the case of *Miller vs. Commonwealth* (1 *Duvall*, 19), so far as the same point was involved in that case.

Wherefore, the judgment is *affirmed*.